BEWICK v. HANIKA.

1. VENDOR AND PURCHASER — CONTRACT — ORAL NEGOTIATIONS — REDUCING TO WRITING.

An oral contract for the sale of lands being void under the statute of frauds, the vendor has a legal right to insert any stipulations he chooses when reducing such an agreement to writing, and if, 'after the vendor has signed, the purchaser inserts additional terms before signing, there is no meeting of minds and the vendor is not bound by the contract unless he ratifies it.

2. SAME—BUILDING CONTRACT—RATIFICATION.

A vendor having agreed to sell a lot and furnish money to build thereon, his signing a building contract at the request of the contractor was not such a ratification of the contract of sale as would bind him to stipulations not contained in it at the time he signed it.

3. SAME—ABANDONMENT—RESCISSION—EVIDENCE.

On a bill to set aside a contract by which complainant agreed to sell defendants a lot and advance money to build a house thereon, evidence examined, and *held*, that complainant was justified in assuming that defendants had abandoned the contract, and he having completed the house in a more expensive manner than contemplated, defendants were only entitled to repayment of the moneys they had advanced.

Appeal from Wayne; Mandell, J. Submitted November 14, 1905. (Docket No. 125.) Decided December 4, 1905.

Bill by Charles Bewick against Frank Hanika and Josephine Hanika to set aside a building contract, and to restrain prosecution of a suit at law. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

Complainant was the owner of several platted lots in the city of Detroit. Defendants, who are husband and

wife, desired to purchase a lot on which to erect a dwelling house as their home. Defendants did not have money to complete the house. Negotiations were entered into for the purchase of the lot and for a loan of money by complainant to them for the erection of the dwelling. A parol agreement was finally reached by which the complainant agreed to sell them the lot for $600 and to advance $2,050 for the erection of the house. This parol agreement was reduced to writing, reciting that for $2,650 the complainant agreed to sell to them the land described—$600 to be paid down, and balance within 15 years, with interest semi-annually. It was not agreed that complainant should assume the responsibility and superintendency of the erection of the building. It was agreed that he should pay as payments became due on the contract for its erection. The character, plans, and specifications were substantially agreed to before the execution of the land contract. Complainant spent much of his time away from the city of Detroit, and the negotiation was chiefly carried on through his agent, one Hillger. Complainant signed a contract, and sent or gave it to Mr. Hillger to obtain its execution by defendants. The defendants took the contract to their attorney. Two additions, typewritten, were attached to the contract by the defendants. These were as follows:

"It is understood that said party of the first part is to erect a two-story dwelling house on said lot, which is included in the consideration of this contract, to be built according to plans and specifications verbally agreed upon, and said building to be looked after by Messrs. Hillger & Nicol, agents, until completed.

"It is also agreed that the interest on the money to be expended for the construction of a dwelling on the above-described premises shall be computed from the date of each expenditure."

After these additions had been made the parties signed the contract and gave it to Mr. Hillger, who returned it to complainant. A contract for the erection of the house by one Houston was drawn and signed by the defendants. They desired to have complainant sign it, erased their

names, and requested Mr. Hillger to get complainant to sign it. This complainant did. This contract was for $2,016, and was prepared under the direction and to meet the wishes of the defendants. Hillger and Nicol were the agents for the defendants in looking after the execution of this work, for which they were to receive the difference between the $2,016, the amount of the Houston contract, and the $2,050, included in the land contract. Defendants became dissatisfied with Houston's work. Houston abandoned it, or was discharged by Hillger, acting for defendants, some time in October. Complainant paid Houston as Hillger & Nicol represented the payments to be due. After Houston's failure liens were filed, and these were subsequently paid by complainant. Nothing further was done with the building, except that complainant protected the structure as well as he could to prevent deterioration, until the following June, when he, assuming that the defendants had abandoned the contract, let another contract to complete the building at a considerable increase in expense and change of plans. Defendants brought suit at law against the complainant for violation of his contract, seeking to recover damages to the amount of $4,966.40. Thereupon complainant filed this bill, alleging that the contract did not embody the original agreement of the parties, and praying that it be set aside and held for naught, or for the establishment of one which did represent their actual agreement. The case was heard upon pleadings and proofs, and the bill dismissed.

*Willard E. Warner*, for complainant.

*Thomas Hislop*, for defendants.

GRANT, J. (*after stating the facts*). We feel compelled to reverse the decree and grant relief. Complainant had signed the contract which was in accordance with the parol agreement, and sent it to defendants for execution by them. Even if the written agreement had not

been in accordance with the parol agreement, complainant had the legal right to insert any provision he chose in the written agreement, for the parol agreement was void by the statute of frauds. He was justified in assuming that they would sign the contract as it was. They did not execute the contract which he executed, neither did he execute the contract which they executed. Until he ratified the contract as changed by them, their minds had not met and no contract was made. We think tho record fails to show ratification. His signing the contract with Houston was not, under the circumstances, a ratification. He was under legal obligation to pay the amount of Houston's contract, and might very properly conclude that his signing that contract did not affect or change his obligation under the land contract. The question is one of fact, and a statement of the evidence would be of no practical value to the profession. Complainant is willing to return to the defendants the amount of money they have paid him, and prays in his bill that he be decreed to do this. It would be inequitable to now compel complainant, who acted in good faith, to carry out his contract, even if it were reformed in accordance with the parol agreement. Complainant assumed, and we think he had a right to assume, that defendants had abandoned the contract. He thereupon made a new contract to complete the house, and largely increased its cost. It would be inequitable to now permit defendants to get a house better and more expensive than the one they contracted for. The only way to do justice and equity between the parties is to decree the repayment by complainant of the amounts he has received, with interest.

Decree reversed, and decree entered in this court for complainant, with costs of both courts to the complainant.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.